## 23549

WILLIAM M. BIRD & COMPANY, INC., Respondent v. Copeland WHITMIRE d/b/a Whitmire Cabinet Shop, RPR & Associates, Inc. and CNA Insurance Company, of whom RPR & Associates, Inc. and CNA Insurance are Appellants. Appeal of RPR & ASSOCIATES, INC. and CNA Insurance.

(413 S.E. (2d) 804)

Supreme Court

*Arthur K. Aiken* and *Joel W. Collins, Jr.*, both of *Collins & Lacy*, Columbia, *for appellants.*

*Steven L. Smith,* of *Smith & Collins,* Charleston, *for respondent.*

Heard Oct. 31, 1991.

Decided Jan. 6, 1992.

TOAL, Justice:

The trial court granted William M. Bird & Company's ("Bird") motion for summary judgment. The sole issue we address on appeal is whether Bird was within the definition of "claimant" under the construction bond issued by CNA Insurance Company. We hold Bird was not a claimant under the bond. We reverse.

## FACTS

RPR & Associates contracted with Keenan/Way Corporation to serve as general contractor for the construction of a dormitory at the College of Charleston. RPR & Associates furnished Keenan/Way Corporation a Labor and Material Payment Bond issued by CNA Insurance Company ("CNA").

As general contractor, RPR subcontracted out much of the work on the dormitory. One of RPR's subcontractors was Rizzo-Mitchell Design, Inc. ("Rizzo-Mitchell"). Rizzo-Mitchell subcontracted with RPR to furnish, among other things, the furniture for the dormitory. Rizzo-Mitchell, in turn, subcontracted with Whitmire Cabinet Company to construct and install the furniture for the dormitory. Whitmire purchased the materials used in building the furniture from Bird. Bird did not have a direct contract with either the general contractor, RPR or RPR's subcontractor, Rizzo-Mitchell.

RPR paid Rizzo-Mitchell. Rizzo-Mitchell paid Whitmire Cabinet Shop. Whitmire, however, did not pay Bird. Bird sued Whitmire Cabinet Shop, RPR and CNA for the price of materials used in the project. The trial court granted Bird's motion for summary judgment against Whitmire Cabinet Shop and against CNA, the issuer of the surety bond on the project. CNA appealed.

## LAW/ANALYSIS

The bond defines claimant as:

> One having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material, or both,

used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

The bond incorporates by reference the construction contract between the general contractor and the owner. That contract defines subcontractor as: "a person or entity who has a direct contract with the Contractor to perform a portion of the Work at the site." The contract also defines sub-subcontractor as: "a person or entity who has a direct or indirect contract with a subcontractor to perform a portion of the work at the site."

CNA relies on the contractual definition of "claimant" under the bond and the definition of "subcontractor" in the construction contract incorporated into the bond by reference. Bird contracted with Whitmire Cabinet Shop. Whitmire's contract was with Rizzo-Mitchell, a subcontractor on the project.

Thus, Whitmire would be covered under the bond as one who contracts *directly* with a subcontractor. Bird, however, would not. Whitmire was a subcontractor of the subcontractor or a sub-subcontractor. Bird showed no direct contract with the subcontractor or with the principal under the bond.

We think the definition of claimant under the bond is unambiguous. "When a contract is unambiguous, clear and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary and popular sense." *C.A.N. Enterprises, Inc. v. South Carolina Health and Human Services and Finance Commission*, 296 S.C. 373, 377, 373 S.E. (2d) 584, 586 (1988). Bird urges this Court to adopt a definition of subcontractor which includes subcontractors to subcontractors. We think the definition of "claimant" in the bond was intended by the parties to include only those parties who contracted with the principal or the principal's immediate subcontractor. To hold otherwise would extend coverage under the bond well beyond that intended by the principal and the surety at the time of contract. "We are without authority to alter a contract by construction or to make new contracts for the parties." *Id.* at 378, 373 S.E. (2d) at 587.

We reverse.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.